IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RONALD LAMONT WILSON,

Petitioner,

v.                                                    CRIMINAL ACTION NO. 2:11cr180

UNITED STATES OF AMERICA,

Respondent.

## *MEMORANDUM OPINION AND ORDER*

Ronald Lamont Wilson ("Petitioner") has submitted a Motion pursuant to Title 28, United States Code, Section 2255 to Vacate Sentence by a Person in Federal Custody ("§ 2255 Motion"). Having thoroughly reviewed the Parties' filings in this case, the Court finds this matter is ripe for judicial determination. For the reasons set forth below, Petitioner's § 2255 Motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

On February 6, 2013, a grand jury in the Eastern District of Virginia returned a forty-five count third superseding indictment charging Petitioner in twenty three counts. ECF No. 210. Count One charged Petitioner with conspiracy to distribute and possess with intent to distribute cocaine, cocaine base and marijuana in violation of 21 U.S.C. § 846. Count Two charged Petitioner with conspiracy to launder money in violation of 18 U.S.C. §§ 1956(a)(1) and (h). Counts Twenty-One through Thirty-Five charged Petitioner with distribution and possession with intent to distribute cocaine, cocaine base, and marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Counts Thirty Six through Thirty-Seven charged Petitioner with

1

interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952(a)(3) and 18 U.S.C. § 2. Counts Forty through Forty-Five charged Petitioner with money laundering in violation of 18 U.S.C. §§ 1956(a)(1), 1957, and 18 U.S.C.§ 2. Petitioner was arrested on February 12, 2013, in the Middle District of Florida, and removed to the Eastern District of Virginia. ECF No. 236.

Upon Petitioner's arrival in the Eastern District of Virginia, an initial appearance was held, and a detention hearing was set for March 14, 2013. ECF No. 251. Petitioner sought, and was granted court-appointed counsel. The court appointed Michael J. Massie, Esq. ECF No. 258. Petitioner was ordered to be detained pending trial, and an arraignment was held on March 26, 2013. ECF No. 262. On November 26, 2013, Attorney Michael J. Massie moved to withdraw from the case, and the Court appointed Jon M. Babineau, Esq. to represent Petitioner. (ECF Nos. 340 and 342. On May 2, 2014, Petitioner pled guilty to Count One of the indictment, charging Petitioner with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and sentencing was set for July 29, 2014. ECF Nos. 446 and 447. As part of the process of entering a guilty plea, Petitioner signed a written plea agreement, initialed each page of the agreement, and acknowledged in open court that he understood the rights he was giving up, including a waiver of the right to appeal the conviction and sentencing within the statutory maximum,[1] and the consequences of entering a guilty plea. ECF No. 447.

On September 16, 2014, Petitioner sought new court appointed counsel, which was approved by the court, and James R. Theuer, Esq. was appointed to replace Mr. Babineau. ECF Nos. 491 and 492. On October 2, 2016, Mr. Theuer moved to withdraw from the case due to a conflict of interest. ECF No. 505. On October 7, 2014, the Court appointed Stephanie G. Johnson to represent Petitioner. ECF No. 507. At sentencing, Petitioner's advisory guidelines range was

---

[1] The parties also agreed that the plea agreement did not preclude the defendant from filing a pleading pursuant to 28 U.S.C. §2255

found to be 292-365 months (Level 38, Criminal History Category III), with a ten-year minimum

mandatory sentence. ECF No. 528.

On December 8, 2014, the Court sentenced Petitioner to 160 months of imprisonment

with five years of supervised release. ECF No. 525. This sentence was 132 months below the

lower end of the advisory guidelines range, and well below the proscribed statutory maximum

penalty of life in prison. On June 23, 2016, the petitioner filed a Motion to Vacate Under 28

U.S.C. § 2255. ECF No. 570. On July 12, 2016, the Court Ordered the Government to respond.

ECF No. 572. On August 24, 2016, the Government filed a response. ECF No. 579. On October

3, 2016, Petitioner filed a Motion for Extension of Time to file a Response. ECF No. 582. On

October 6, 2016, the Court Granted Petitioner's Motion. On October 13, 2016, Petitioner filed a

reply. ECF No. 584.

## II. LEGAL STANDARD

When a petitioner in federal custody wishes to collaterally attack his sentence or

conviction, the appropriate motion is a § 2255 motion. *United States v. Winestock*, 340 F.3d 200,

203 (4th Cir. 2003). Section 2255 of Title 28 of the United States Code governs post-conviction

relief for federal prisoners. It provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act
> of Congress claiming the right to be released upon the ground that
> the sentence was imposed in violation of the Constitution or laws
> of the United States, or that the court was without jurisdiction to
> impose such sentence, or that the sentence was in excess of the
> maximum authorized by law, or is otherwise subject to collateral
> attack, may move the court which imposed the sentence to vacate,
> set aside or correct the sentence.

28 U.S.C. § 2255(a).

In a proceeding to vacate a judgment of conviction, the petitioner bears the burden of

proving his or her claim by a preponderance of the evidence. *Miller v. United States*, 261 F.2d

546, 547 (4th Cir. 1958). Motions under § 2255 "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Whether a hearing is mandatory for a § 2255 Motion and whether petitioner's presence is required at the hearing is within the district court's sound discretion and is reviewed for abuse of discretion. *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970) (citing *Machibroda v. United States*, 368 U.S. 487 (1962)).

### III. DISCUSSION

There is a one-year statute of limitations for filing a motion under § 2255, which provides as follows:

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The beginning date for that one-year limitations period is not universal, but is dependent upon the motion's allegations. Petitioner filed his motion approximately one year and six months after the judgment in this case became final. As such, Petitioner's motion is time-barred under § 2255(f)(1). Petitioner's motion is not timely under § 2255(f)(2) because there was no unlawful governmental action that prevented him from filing the

§ 2255 Motion. The Motion is not timely under § 2255(f)(3) because his claims are not based on any rights newly recognized by the Supreme Court that have been made retroactively applicable to cases on collateral review. The motion is not timely under § 2255(f)(4) because Petitioner provides no evidence of newly discovered facts that would affect his sentence.

Petitioner argues his motion is timely, under the doctrine of equitable tolling, because of ineffective assistance of counsel ECF Nos. 570 and 584. Specifically, Petitioner asserts, "[c]ounsel's oversight of an established rule of law resulted in a significant increase in punishment, thereby constructively denying Mr. Wilson the assistance of Counsel." ECF No. 570. "Ineffective assistance of counsel generally does not warrant equitable tolling." *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir.2002); *see also Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir.2000) ("while we agree that the mistake by Harris' counsel appears to have been innocent, we cannot say that the lawyer's mistake in interpreting a statutory provision constitutes that "extraordinary circumstance" external to Harris that would justify equitable tolling.").

Alternatively, the Sixth Amendment to the Constitution of the United States provides that "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." The Supreme Court has interpreted the right to counsel as providing a defendant "the right to effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). "As all the Federal Courts of Appeals have now held, the proper standard for attorney performance is that of reasonably effective assistance." *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (citation omitted). The Supreme Court indirectly made this recognition when it stated in *McMann v. Richardson*, 397 U.S. 759, 770, 771 (1970), that "a guilty plea cannot be attacked as based on inadequate legal advice unless counsel was not 'a reasonably competent attorney' and the advice was not 'within the range of competence demanded of attorneys in criminal cases.' " *Strickland*,

466 U.S. at 687; *see also Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980). To successfully show ineffective assistance of counsel a petitioner must (1) demonstrate that "counsels representation fell below an objective standard of reasonableness; and (2) show that "the deficient performance prejudiced the defense." *Ibid.* "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id.* at 700.

In evaluating the first prong, a petitioner must demonstrate that his lawyer "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Upon review, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*, at 689. Courts should therefore, "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

In conducting a hindsight evaluation of counsel's performance, a court must recognize there are "countless ways to provide effective assistance in any given case" and "[e]ven the best criminal defense attorneys would not defend a particular client in the same way." *Id.* The difficulty in overcoming the general presumption that defense counsel provided effective assistance is even greater where counsel's actions required a strategic "assessment and balancing of perceived benefits against perceived risks." *United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004). Such strategic decisions must be afforded "enormous deference." *Id.* (citation omitted). "Once counsel conducts a reasonable investigation of the law and facts in a particular case, his strategic decisions are virtually unchallengeable." *Powell v. Kelly*, 562 F. 3d 656, 670 (4th Cir. 2009).

6

In evaluating the second prong, Petitioners must "affirmatively prove prejudice," which requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 693-94. This analysis focuses on the question of whether counsel's deficient performance rendered the result of the proceeding unreliable or fundamentally unfair. *Id.*, at 687. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*, at 694.

Although "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." 466 U.S. at 689; *cf. Engle v. Isaac*, 456 U.S. 107, 133–134 (1982). When evaluating counsel's performance, courts must be "highly deferential." *Strickland*, 466 U.S. at 689; *see Kimmelman v. Morris*, 477 U.S. 365, 381-82 (1986) (discussing the "highly demanding" *Strickland* standard); *Winston v. Kelly*, 592 F.3d 535, 544 (4th Cir. 2010).

Petitioner's allegations failed to show that his counsel's representation was objectively unreasonable. The only basis for his claim is that counsel allowed the Government and the Court to inappropriately rely on dismissed charges to "aggravate" his criminal history category and sentence. Although Petitioner argues that his counsel should have objected to the government's use of his dismissed state cases in determining his sentencing guidelines range, this argument is factually incorrect, and he suffered no prejudice. The referenced charges are listed in paragraphs 66 and 67 of the Presentence Report, under the heading "Other Arrests." The disposition of each charge is clearly listed as "dismissed" and "nolle prossed," respectively. Accordingly, Petitioner received no criminal history points for the referenced arrests, and therefore could not have resulted in a higher criminal history category. Moreover, because Petitioner had a Criminal

History Category of III, as the result of two actual convictions, and an offense level of 38, as the result of USSG 2D1.1(c)(1), as well as various sentence increases and reductions, the guidelines range was 292-365 months. Petitioner was sentenced to 160 months imprisonment, which was 132 months below the sentencing guidelines.

Because Petitioner's claim is not one of "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the one-year time limitation of Section 2255[,]" *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir.2004), the Court finds, there is nothing in the record that warrants application of the doctrine of equitable tolling to relieve Petitioner from the one-year statute of limitations otherwise applicable to the filing of a § 2255 motion.

Further, irrespective of Petitioner's claim of ineffective assistance of counsel, Petitioner's inability to file a direct appeal, pursuant to the plea agreement, did not bar him from filing a § 2255 motion. The plea agreement, which Petitioner signed and initialed each page, clearly states, "The parties agree that nothing in this plea agreement prevents the defendant from filing a pleading pursuant to 28 U.S.C. § 2255." ECF No. 447. Even if the Court accepted Petitioner's assertions as true, Petitioner has provided no evidence to show he was unable to file a timely § 2255 motion. For these reasons, Petitioner's § 2255 Motion is not timely under § 2255(f)(1).

Likewise, because the Court found that Petitioner's § 2255 Motion was not equitably tolled, and is therefore time barred, Petitioner's additional claims are also barred. As discussed above, if Petitioner's Motion was not time barred, Petitioner's argument that the Court denied him due process because the United States used charges that were dismissed in May of 2003 to (1) "aggravate" Petitioner's sentence, (2) increase his criminal history category, and (3) prejudice

the Court against him is factually inaccurate. Therefore, even if Petitioner's Motion was not time barred, the Court would have affirmed its sentencing ruling.

## IV. CONCLUSION

For the reasons set forth above, Petitioner Motion is **DENIED**.   Additionally, Petitioner has not set forth a specific issue that demonstrates a substantial showing of a denial of a constitutional right.   Therefore, pursuant to 28 U.S.C. § 2253(c)(2), a Certificate of Appealability is **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to Petitioner and to the United States Attorney.

**IT IS SO ORDERED**.

Norfolk, Virginia
December  6   , 2016

Raymond A. Jackson
United States District Judge