**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**RONALD LAMONT WILSON,**

      **Petitioner,**

    **v.**                          **CRIMINAL ACTION NO. 2:11-cr-180 (5)**

**UNITED STATES OF AMERICA,**

      **Respondent.**

*MEMORANDUM OPINION AND ORDER*

Before the Court is Ronald Lamont Wilson's ("Petitioner") Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 655. The Government opposed the motion, and Petitioner filed a reply. ECF Nos. 659, 664. Having been fully briefed, this matter is now ripe for judicial determination.

**I. FACTUAL AND PROCEDURAL HISTORY**

On May 2, 2014, Petitioner pleaded guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii). ECF Nos. 446–448. On December 8, 2014, this Court sentenced Petitioner to 160 months' imprisonment, followed by five years of supervised release. ECF Nos. 525–526. Petitioner has been in custody since February 12, 2013. ECF No. 655 at 2.

Petitioner, age 45, is currently serving his sentence at FPC Montgomery in Alabama. *Id.* He is scheduled for release on April 7, 2024. *Id.* On April 6, 2020, Petitioner requested compassionate release from the Warden at FPC Montgomery. ECF No. 664-1. The Warden denied

1

Petitioner's request, and Petitioner appealed the denial on April 27, 2020. ECF No. 664 at 1. Petitioner has not received a decision on his appeal. *Id.*

On May 15, 2020, Petitioner filed his motion for compassionate release based on the current COVID-19 pandemic. ECF No. 655. Petitioner suffers from a liver disease that stems from Hepatitis B. *Id.* at 18. Given his medical condition and his inability to practice social distancing measures while in prison, Petitioner expresses concerns that he is more suspectable to serious illness if he contracts the virus. *Id.* Petitioner requests that he serve out the remainder of his sentence on home confinement. *Id.*

The Government opposed the motion on May 28, 2020. ECF No. 659. Petitioner filed a reply on June 2, 2020. ECF No. 664. Petitioner's medical records are filed under seal. ECF Nos. 660, 662.

## II. LEGAL STANDARD

### A. The Exhaustion Requirement

A petitioner may bring a motion to modify his or her sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court. *Id.* However, the exhaustion requirement may be waived under the following circumstances: (1) the relief sought would be futile upon exhaustion; (2) exhaustion via the agency review process would result in inadequate relief; or (3) pursuit of agency review would subject the petitioner to undue prejudice. *United States v. Zukerman*, 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020) *citing Washington v. Barr*,

925 F.3d 109, 118 (2d Cir. 2019). The COVID-19 pandemic, which could result in catastrophic health consequences for petitioners vulnerable to infection, implicates all three exceptions justifying the waiver of the exhaustion requirement. *Miller v. United States*, 2020 WL 1814084, at *2 (E.D. Mich. Apr. 9, 2020); *United States v. Zukerman*, 2020 WL 1659880, at *3 (S.D.N.Y. April 3, 2020); *United States v. Perez*, 2020 WL 1456422, at *3–4 (S.D.N.Y. Apr. 1, 2020); *United States v. Gonzalez*, 2020 WL 1536155, at *2 (E.D. Wash. Mar. 31, 2020).

**B. The Compassionate Release Standard**

As amended by the FIRST STEP Act, a court may modify a term of imprisonment on the motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. § 1B1.13, Application Note 1. Before the passage of the FIRST STEP Act, the Sentencing Commission provided that a sentence may be modified due to the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. § 1B1.13, n. 1 (A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the BOP before an individual could petition the district court for relief. *Id.*

However, U.S.S.G. § 1B1.13 is now outdated following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the BOP.

3

As such, U.S.S.G. § 1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *McCoy v. United States*, 2020 WL 2738225, at *4 (E.D. Va. May 26, 2020); *see also United States v. Lisi*, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release ... [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts...."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive"). A petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). In sum, the Court may consider a combination of factors, including but not limited to those listed in U.S.S.G. § 1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

### III. DISCUSSION

**A. The Exhaustion Requirement**

The Court finds that Petitioner has satisfied the exhaustion requirement. On April 6, 2020, Petitioner filed his request for compassionate release with the Warden at FPC Montgomery. ECF No. 664-1. The Warden denied Petitioner's request, and Petitioner appealed on April 27, 2020. ECF No. 664 at 1. Petitioner has not received a decision on his appeal. More than 30 days have passed since Petitioner sent his request. *See* 18 U.S.C. § 3582(c)(1)(A). Therefore, Petitioner has exhausted his administrative remedies. But even if Petitioner did not exhaust his administrative remedies, this Court would waive this exhaustion requirement given the COVID-19 pandemic and the catastrophic health consequences it has for inmates with underlying health conditions. *See United States v. Poulios*, No. 2:09-cr-109, 2020 WL 1922775, at *1 (E.D. Va. April 21, 2020);

*United States v. Casey*, No. 4:18-cr-4, 2020 WL 2297184, at *2 (E.D. Va. May 6, 2020); *Miller v. United States*, 2020 WL 1814084, at *2 (E.D. Mich. Apr. 9, 2020); *Zukerman*, 2020 WL 1659880, at *3; *United States v. Perez*, 2020 WL 1456422, at *3–4 (S.D.N.Y. Apr. 1, 2020); *Gonzalez*, 2020 WL 1536155, at *2.

**B. Compassionate Release**

The Court now turns to whether Petitioner has set forth extraordinary and compelling reasons to modify his sentence because of the grave risk COVID-19 poses to individuals with underlying health conditions. During the COVID-19 pandemic, federal courts around the country have found that compassionate release is justified under the circumstances. *Zukerman*, 2020 WL 1659880, at *4 *citing Perez*, 2020 WL 1546422, at *4; *United States v. Colvin*, 2020 WL 1613943, *4 (D. Conn. Apr. 2, 2020); *United States v. Rodriguez,* No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *7 (E.D. Pa. Apr. 1, 2020); *United States v. Jepsen,* No. 3:19-CV-00073 (VLB), 2020 WL 1640232, at *5 (D. Conn. Apr. 1, 2020); *Gonzalez*, 2020 WL 1536155, at *3; *United States v. Muniz*, No. 4:09-CR-0199-1, 2020 WL 1540325, at *2 (S.D. Tex. Mar. 30, 2020); *United States v. Campagna*, No. 16 CR. 78-01 (LGS), 2020 WL 1489829, at *3 (S.D.N.Y. Mar. 27, 2020). Unlike the individuals in the above cases however, Petitioner fails to demonstrate that compelling and extraordinary circumstances justify his release.

In support of his motion, Petitioner argues that he is more likely to suffer severe or fatal effects of COVID-19 because he suffers with a liver disease that stems from Hepatitis B. ECF No. 655 at 17–18. When assessing compassionate release motions during the pandemic, the Court examines the Centers for Disease Control's ("CDC") list of risk factors for severe COVID-19 complications. *United States v. Lewellen*, 2020 WL 2615762, at *4 (N.D. Ill. May 22, 2020). Relevant here, individuals with underlying health conditions, including individuals with chronic

liver disease, are at higher risk for severe illness if they contract COVID-19. [1] According to the CDC, there is no information about whether individuals with Hepatitis B are at increased risk for getting COVID-19 or having serious illness if they contract COVID-19.[2] However, individuals with liver disease might be at higher risk particularly if the underlying medical conditions are not well controlled. [3]

During the pandemic, courts have released individuals suffering from Hepatitis B usually when these individuals also suffered from other underlying medical conditions that put them at grave risk for serious illness if they contract COVID-19. *See e.g., United States v. Conner*, No. CR07-4095-LTS, 2020 WL 3053368, at *1 (N.D. Iowa June 8, 2020)(granting motion for compassionate release for petitioner who had been diagnosed with Chronic Obstructive Pulmonary Disease, congestive heart failure, Hepatitis B and C, Diabetes, Hypertension, and had also been the subject of multiple surgeries); *United States v. Galloway*, No. CR RDB-10-0775, 2020 WL 2571172, at *3 (D. Md. May 21, 2020)(finding extraordinary and compelling reasons where BOP records indicated that petitioner suffered in part from Type II diabetes, Hepatitis B, anxiety, hypertension, a thyroid disorder, a seizure disorder, and gastritis). Where a petitioner suffered from Hepatitis B without any indication of serious complications arising from the diagnosis, however, courts have declined to find compelling and extraordinary circumstances. *See e.g., United States v. Ram*, No. 5:13-CR-50045, 2020 WL 3100837, at *2 (W.D. Ark. June 11, 2020)(denying petitioner's motion for compassionate release where petitioner had contracted Hepatitis B but did not demonstrate any serious complications arising from a diseased or scarred liver); *United States*

---

[1] Centers for Disease Control and Prevention, "People Who are at Higher Risk," *CDC.gov*, available at https://www.cdc.gov/coronavirus/2019-ncov/specific-groups/people-at-higher-risk.html
[2] Centers for Disease Control and Prevention, "Coronavirus Disease 2019 (COVID-19): People with Liver Disease, *CDC.gov*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/liver-disease.html
[3] *Id.*

*v. Mohammed*, No. 19-CR-00290 (ESH), 2020 WL 3080176, at *3 (D.D.C. June 9, 2020)(finding no extraordinary and compelling circumstances where petitioner's medical conditions, which included a Hepatitis B diagnosis, did not substantially diminish his ability to care for himself in prison).

Here, although Petitioner claims that his test results at FPC Montgomery show an increase in the effects on his liver function, Petitioner does not claim to suffer from any serious complications arising from his diagnosis. ECF No. 655 at 18. There is also no evidence that Petitioner suffers from an unmanageable liver disease, or that his Hepatitis B is not well controlled. In fact, the record shows that medical personnel at FPC Montgomery are addressing Petitioner's medical condition. *See* ECF No. 662 (Petitioner's sealed medical records). And there is no indication that the medical staff at FPC Montgomery are incapable of managing Petitioner's medical condition. *Id.* Thus, based on the record, Petitioner's Hepatitis B appears to be well controlled.

Other than his underlying medical condition, Petitioner has not offered any other basis that rises to the level of extraordinary and compelling reasons to warrant a sentence reduction in his case. Petitioner points to the effect COVID-19 has had in prisons across the country, making it difficult for inmates to practice social distancing and for officials to follow CDC guidelines for preventing the spread of the virus among inmates and staff. ECF No. 655 at 15–16. While the Court understands the magnitude of the COVID-19 pandemic and its unique effect on prisons, the pandemic alone does not warrant compelling and extraordinary circumstances for all inmates. *See United States v. Foots*, No. CR 3:07-0285-B, 2020 WL 3129647, at *3 (N.D. Tex. June 12, 2020) (noting that the "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison cannot independently justify compassionate release). Because Petitioner did not

show extraordinary and compelling reasons warrant his release, the Court need not re-examine the § 3553(a) factors. Thus, based on the record before the Court, the Court does not find that the release of Petitioner is appropriate at this time.

### IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **DENIED**. The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED**.

Norfolk, Virginia

Raymond A. Jackson

Digitally signed by Raymond A. Jackson
Date: 2020.06.17 18:43:52 -04'00'

UNITED STATES DISTRICT JUDGE